# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3003 | **DATE** | 6/13/2012 |
| **CASE TITLE** |  | Anthony V. "Cynsere-El" D. Dillard (R-12181) vs. Price, et al. | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* application [3] is granted. The court assesses an initial partial filing fee of $5.20. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Pinckneyville Correctional Center and shall issue summonses for service of the complaint on Defendants through the U.S. Marshal's Service. The clerk shall forward instructions for filing documents to Plaintiff.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Anthony Dillard, incarcerated at Pinckneyville Correctional Center, has filed this *pro se* 42 U.S.C. § 1983 complaint against Cook County Jail Correctional Officers Price, Malloy, Campos, and Flores. Plaintiff alleges that, during the afternoon on September 1, 2011, he and Price argued about phone usage. According to Plaintiff, Price attacked him later that evening. Officers Malloy, Campos, and Flores allegedly joined in beating Plaintiff when they responded to Price's 10-10 emergency call.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His application reveals that he is unable to prepay the $350 filing fee and the Court grants the motion. The court assesses an initial partial filing fee of $5.20 and authorizes the trust fund officer at Plaintiff's place of confinement to deduct this amount from Plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the supervisor of inmate trust accounts is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at Pinckneyville shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The court has conducted its preliminary review of Plaintiff's 42 U.S.C. § 1983 civil rights action pursuant to 28 U.S.C. § 1915A. The allegations described above state a colorable cause of action against the Defendants. The clerk shall issue summons for service of the complaint on Cook County Jail Officers Price, Malloy, Campos, and Flores. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return the forms to the Marshal may result in the dismissal of his claims against unserved Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal shall attempt personal service on the Defendants.

**STATEMENT**

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.